# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY TATE, JR., | Case No. 1:25-cv-01704-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS DUPLICATIVE AND SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION FOR STAY |
| v. | |
| | [Docs. 1, 3] |
| EDWARD BORLA, Warden, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |
| | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition in this Court on November 28, 2025. He also filed a motion for stay and abeyance. Because the petition is duplicative and successive, the Court will recommend it be **DISMISSED** and the motion for stay be **DENIED**.

## DISCUSSION

I.   Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[

1

1 ]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of
2 the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.
3 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it
4 appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v.
5 Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

6 II.   Duplicative Petition

7 Duplicative lawsuits filed by a petitioner proceeding in forma pauperis are subject to
8 dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United
9 States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); McWilliams v. State of Colo., 121 F.3d 573,
10 574 (10th Cir.1997); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir.1993); Bailey v.
11 Johnson, 846 F.2d 1019, 1021 (5th Cir.1988). An in forma pauperis complaint that merely
12 repeats pending or previously litigated claims may be considered abusive and dismissed under
13 § 1915. Cato, 70 F.3d at 1105 n. 2; Bailey, 846 F.2d at 1021. "Dismissal of the duplicative
14 lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial
15 economy and the comprehensive disposition of litigation." Adams v. California, 487 F.3d 684,
16 688, 692–94 (9th Cir. 2007).

17 Petitioner filed the instant petition on November 28, 2025, challenging his 2004
18 conviction in Kings County Superior Court for second degree murder.  Petitioner previously
19 filed an identical petition on November 18, 2025, in Tate v. Borla, Case No. 1:25-cv-01583-
20 KES-SAB-HC. That case is currently pending dismissal as an unauthorized successive petition.
21 The instant case is duplicative and should be dismissed.

22 III.   Successive Petition

23 A federal court must dismiss a second or successive petition that raises the same grounds
24 as a prior petition. 28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive
25 petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,
26 retroactive, constitutional right or 2) the factual basis of the claim was not previously
27 discoverable through due diligence, and these new facts establish by clear and convincing
28 evidence that but for the constitutional error, no reasonable factfinder would have found the

applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In this case, Petitioner challenges his 2004 Kings County second degree murder conviction. Petitioner previously sought federal habeas relief in this Court with respect to the same conviction. See Tate v. Knipp, No. 1:13-cv-00025-LJO-MJS (dismissed as untimely); Tate v. Borla, No. 1:24-cv-00324-KES-SKO (dismissed as successive).[1] Accordingly, the Court finds that the instant petition is "second or successive" under § 2244(b) and should be dismissed. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive").

IV.   Motion for Stay and Abeyance

Petitioner also moves for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, "stay and abeyance" is available only in "limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. However, as set forth above, the petition is duplicative and an unauthorized successive petition. Accordingly, Petitioner's motion to stay should be

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1  denied.

## ORDER

Accordingly, the Clerk of Court is DIRECTED to randomly assign a District Judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be DISMISSED as duplicative and successive, and Petitioner's motion for stay be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **December 4, 2025**              /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE

4